IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN ROBINSON,
    Petitioner,

v.                                         Case No.: 4:05cv142/MMP/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer and relevant portions of the state court record (Docs. 13, 14). Petitioner did not file a reply.

       The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D.Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

       The background and procedural history of this case is undisputed. On July 29, 2002, Petitioner was charged by information with possession of cocaine with intent to sell, possession of cannabis, and possession of paraphernalia (Doc. 14, Ex. A at 1). Petitioner filed a pre-trial motion to suppress the cocaine, cannabis, and paraphernalia that had been seized from his automobile without a search warrant (*id.*, Ex. A at 15–16). Prior to trial, the court held a hearing on the motion and denied it (*id.*, Ex. B). On July 22, 2003, following a jury trial, Petitioner was convicted in the

Circuit Court in and for Leon County, Florida, of possession of cocaine, possession of cannabis, and possession of paraphernalia (*id.*, Ex. A at 39–47). Petitioner was sentenced to forty-eight months imprisonment on the cocaine offense, concurrent with a 210-day sentence on each of the other two offenses (*id.*, Ex. A at 41–42). On direct appeal to the Florida First District Court of Appeal ("First DCA"), Petitioner's counsel filed an Anders[1] brief summarizing the motion to suppress and evidentiary hearing and asserting that counsel was unable to make a good faith argument that reversible error occurred in the trial court (*id.*, Ex. D). Petitioner filed a pro se brief, alleging that the search and seizure were illegal (*id.*, Ex. E). On December 21, 2004, the First DCA affirmed Petitioner's conviction and sentence per curiam without written opinion, with the mandate issuing January 19, 2005 (*id.*, Ex. F). Robinson v. State, 892 So. 2d 480 (Fla. 1st DCA Dec. 21, 2004) (Table).

On April 19, 2005, Petitioner initiated the instant section 2254 action, raising only one claim, that the state court violated Petitioner's Fourth Amendment rights by failing to suppress evidence obtained as a result of an illegal search and seizure (Doc. 1 at 4, 6). Respondent concedes that the petition is timely and that Petitioner exhausted his state remedies (Doc. 14 at 3, 6). However, Respondent contends that pursuant to the decision of the United States Supreme Court in Stone v. Powell, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976), Petitioner's Fourth Amendment claims are not cognizable on federal habeas review, because Petitioner had a full and fair opportunity to litigate the claims in state court (Doc. 14 at 8–9).

II.     ANALYSIS

Petitioner contends that on July 16, 2002, at approximately 8:25 p.m., Deputy Nemeth of the Leon County Sheriff's Office stopped Petitioner for an alleged inoperative brake light on Petitioner's vehicle (Doc. 1 at 4). Nemeth asked Petitioner for his driver's license and registration, and Petitioner responded that he did not have his driver's license with him (*id.*). Nemeth gave Petitioner a verbal warning, but he did not arrest Petitioner or issue a citation (*id.* at 4(a)(1)). As Petitioner prepared to leave, Nemeth stopped him and asked him if he had any drugs or weapons in his vehicle (*id.*). Petitioner said that he did not have any drugs or weapons, but Nemeth blocked Petitioner's

---

[1] Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Case No: 4:05cv142/MMP/EMT

door, called for back-up, ordered Petitioner out of the car, and searched Petitioner's vehicle (*id.*). Nemeth discovered an aerosol can of engine cleaner containing cocaine, cannabis, and drug paraphernalia; he arrested Petitioner and took him into custody (*id.*). Petitioner alleges that Nemeth never requested to search the vehicle and Petitioner never consented to a search (*id.* at 4(a)(3)).

Petitioner's claim is not cognizable in federal habeas proceedings pursuant to the long-standing principle, enunciated in Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed. 2d 1067 (1976), that where the State has provided an opportunity for full and fair litigation of the Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief. This rule applies to a conviction based upon a guilty plea, as well as a conviction following a trial. *See* Stanley v. Wainwright, 604 F.2d 379, 381 (5th Cir. 1979).[2] The Eleventh Circuit has interpreted "full and fair consideration" of a Fourth Amendment claim to include at least one evidentiary hearing in the trial court and the availability of meaningful appellate review when there are facts in dispute, and full consideration by an appellate court when the facts are not in dispute. Caver v. State of Alabama, 577 F.2d 1188, 1191–92 (5th Cir. 1978).

In the instant case, Petitioner has not alleged that he did not receive "full and fair consideration" of his Fourth Amendment claim in the state courts. Indeed, the record conclusively establishes he received such consideration by virtue of the evidentiary hearing held by the trial court (Doc. 14, Ex. B) and the appellate review by the First DCA (*id.*, Ex. F). In his motion to suppress, Petitioner alleged that Deputy Nemeth searched Petitioner's car without a search warrant or consent (*id.*, Ex. A at 15–16). On February 18, 2003, the trial court gave Petitioner a full and fair evidentiary hearing on his motion, during which Petitioner was represented by counsel (*see id.*, Ex. B).

At the hearing, Deputy Nemeth testified that on July 16, 2002, he observed that Petitioner's car did not have brake lights (*id.*, Ex. B at 3–4). Nemeth stopped Petitioner and asked for his driver's license; Petitioner did not have a driver's license, but he provided other information so that Nemeth could verify Petitioner's identity (*id.*, Ex. B at 4–5). Petitioner mentioned that his brother also did not have a driver's license (*id.*, Ex. B at 5). Nemeth asked Petitioner if he had any drugs

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

or weapons in the vehicle and Petitioner stepped back from the vehicle and gestured to the vehicle in a way that Nemeth interpreted as an invitation to look in the vehicle (*id.*, Ex. B at 6, 9). Nemeth did not search the vehicle at that point but continued with the traffic stop (*id.*, Ex. B at 6). After concluding the traffic stop and issuing Petitioner a verbal warning, Nemeth testified that he asked Petitioner if he could search Petitioner's car, and Petitioner consented (*id.*, Ex. B at 5–6). During the search, Nemeth found an aerosol can with cocaine, cannabis, and drug paraphernalia (*id.*, Ex. B at 7).

Petitioner testified at the evidentiary hearing that when Nemeth stopped him, he opened the driver's side door, gave Nemeth his registration, and informed him that he did not have his driver's license (*id.*, Ex. B at 13–14). Petitioner remained sitting in the vehicle while Nemeth checked the information (*id.*, Ex. B at 14). When Nemeth returned, he asked Petitioner why he had three additional cars on the registration, and Petitioner replied that one of the cars belonged to his brother (*id.*, Ex. B at 14). Nemeth asked if Johnny Robinson is Petitioner's brother, and when Petitioner replied yes, Nemeth told Petitioner to step out of his car (*id.*, Ex. B at 14). After Nemeth verified that Petitioner was a licensed driver, he told Petitioner he could leave, but Nemeth remained standing next to the driver's side of Petitioner's car (*id.*, Ex. B at 14–15). Although Nemeth never asked if he could search Petitioner's vehicle, and Petitioner never consented to a search, Nemeth searched the vehicle (*id.*, Ex. B at 14).

Counsel for both sides presented vigorous closing arguments at the hearing on Petitioner's motion, after which the court denied the motion (*id.*, Ex. B at 17–23). Specifically, the court found that Nemeth's testimony regarding the event was candid and Petitioner was free to go at the conclusion of the traffic stop (*id.*, Ex. B at 22). Further, the court found that Nemeth asked for and Petitioner gave consent to Nemeth to search the vehicle (*id.*, Ex. B at 23). The trial court's analysis was coherent, and the court examined the relevant evidence step by step (*see id.*, Ex. B).

Additionally, Petitioner received meaningful appellate review of his claim. Petitioner challenged the trial court's denial of the motion to suppress on direct appeal, and the issue was discussed both in defense counsel's <u>Anders</u> brief and in Petitioner's initial pro se brief (*id.*, Exs. D, E). The First DCA affirmed Petitioner's conviction and sentence (*id.*, Ex. F). <u>Robinson v. State</u>, 892 So. 2d 480 (Fla. 1st DCA Dec. 21, 2004) (Table).

Therefore, as Petitioner received full and fair consideration of his Fourth Amendment claim in the state courts, his claim is barred from review under Powell.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola this 30th day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**